**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAVANNAH HEIGHTS LIMITED PARTNERSHIP )<br><br>and )<br><br>BOWLING GREEN APARTMENTS LIMITED PARTNERSHIP, )<br><br>Plaintiffs, )<br><br>v. )<br><br>DISTRICT OF COLUMBIA HOUSING AUTHORITY, )<br><br>Defendant. ) | **FILED**<br><br>JAN - 4 2021<br><br>Clerk, U.S. District & Bankruptcy<br>Courts for the District of Columbia<br><br><br>Civil Action No. 20-155 (RJL) |

<u>**MEMORANDUM OPINION**</u>

(January 4, 2021) [Dkt. # 7]

Savannah Heights Limited Partnership and Bowling Green Apartments Limited Partnership ("plaintiffs") brought this action against District of Columbia Housing Authority ("DCHA" or "defendant") in the Superior Court of the District of Columbia on December 18, 2019, for breach of contract. Defendant timely removed the case to federal court. *See* Notice of Removal [Dkt. #1]. Plaintiffs claim that DCHA is contractually liable for its alleged failure to comply with federal law and regulations governing how rental rates must be calculated for subsidized housing. On March 12, 2020, DCHA moved to dismiss the action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for a more definite statement pursuant to Rule 12(e). Upon consideration

1

of the pleadings, the relevant law, and for the reasons stated below, defendant's motion to dismiss is GRANTED, and this case is DISMISSED.

## BACKGROUND

Plaintiffs own two apartment buildings in Washington, D.C.  Compl. ¶¶ 9-10 [Dkt. 1-2].  These apartment buildings each have a certain number of units that are rented to tenants whose rent is paid through the Housing Choice Voucher Program ("HCVP"), a federal tenant assistance program locally managed by DCHA.  *Id.* ¶¶ 11-12.

The United States Department of Housing and Urban Development ("HUD") provides rental subsidies to eligible families through the HCVP to help them "afford decent, safe, and sanitary housing."  24 CFR § 982.1(a)(1).  HUD provides housing assistance funds and program administration funds to State and local governmental entities called public housing agencies, which administer the HCVP.  *See id.*  In D.C., this program is administered by DCHA.  Compl. ¶ 11-12.  HUD regulations provide that families "select and rent units that meet program housing quality standards," and, upon approval of a family's unit and tenancy, public housing agencies like DCHA contract with the unit owners to make rent subsidy payments on behalf of the tenant families.  *See id.* § 982.1(a)(2).  Regulations further provide that public housing agencies "may not approve a tenancy unless the rent is reasonable."  *Id.*

While the HCVP is governed by Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, and multiple regulations, *see* 24 CFR § 982 *et seq*, select public housing authorities are permitted to seek exemption from existing rules through the Moving to

Work Demonstration Program ("MTW").  *See generally* Moving to Work (MTW) FAQ, Dep't of Hous. And Urban Dev., https://www.hud.gov/program_offices/public_indian_ housing/programs/ph/mtw/faq.  DCHA entered into its current MTW Agreement with HUD in 2010 (the "2010 Agreement"), which specifies HUD's authorizations and waivers of certain provisions of the Housing Act of 1937 and statutory requirements.  As relevant to this case, the 2010 Agreement authorizes DCHA to "adopt and implement any reasonable policy to establish payment standards, rents or subsidy levels for tenant-based assistance;" "calculate the tenant portion of the rent;" "determine contract rents and increases and to determine the content of contract rental agreements;" and "develop a local process to determine rent reasonableness," each of which may "differ from the current mandated program requirements" of the 1937 Act and its implementing regulations.  *See* 2010 Agreement, Att. C, Section D, 2(a)-(c).

### LEGAL STANDARDS AND ANALYSIS

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is facially plausible when the complaint allegations allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Although the standard does not amount to a "probability requirement," it does require more than a "sheer possibility that a defendant has acted

unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

In resolving a Rule 12(b)(6) motion, the Court "assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor[.]" *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014). In addition to the complaint's factual allegations, the Court may consider "documents attached to or incorporated in the complaint, matters of which courts may take judicial notice, and documents appended to a motion to dismiss whose authenticity is not disputed, if they are referred to in the complaint and integral to a claim." *Harris v. Amalgamated Transit Union Local 689*, 825 F.Supp.2d 82, 85 (D.D.C. 2011).

Plaintiffs claim that DCHA has breached its contractual obligations to comply with HUD requirements when making rent reasonableness determinations. Under D.C. law, "[t]o prevail on a claim of breach of contract, a party must establish (1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." *Brown v. Sessoms*, 774 F.3d 1016, 1024 (D.C. Cir. 2014) (quoting *Tsintolas Realty Co. v. Mendez*, 984 A.2d 181, 187 (D.C. 2009)). Plaintiffs base their allegations entirely on the 1937 Act and its implementing regulations, and ignore the 2010 Agreement. The 2010 Agreement, reviewed and approved annually by HUD and currently extended through 2028, authorizes DCHA to "develop a local process to determine rent reasonableness," which may "differ from the current mandated program requirements" of the 1937 Act and its implementing regulations, and otherwise waives certain regulatory requirements. *See* 2010 Agreement, Att. C, Section D, 2(a)-(c).

4

Therefore, the supposed contractual provisions breached by DHCA were in fact waived by the 2010 Agreement.

Moreover, the Housing and Economic Recovery Act of 2008 ("HERA") did not change the waivers in the 2010 Agreement, despite plaintiffs' contentions.  HUD continued to approve DCHA's agreement annually, and, a result of Congress passing the Consolidated Appropriations Act of 2016, DCHA's MTW Agreement was modified and extended to the end of its Fiscal Year 2028.  Accordingly, because the alleged contractual obligations upon which plaintiffs base their claim are not applicable to DCHA by operation of the 2010 Agreement, no relief may be granted based on the factual matter contained in plaintiffs' Complaint.

## CONCLUSION

For the foregoing reasons, DCHA's motion to dismiss is hereby **GRANTED**, and this case is **DISMISSED**.  A separate order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge